IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERNADETTE M. JOHNLEWIS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3360 |
| | § | |
| U.S. BANK, NATIONAL | § | |
| ASSOCIATION, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This foreclosure case is before the Court on Plaintiff Bernadette M. Johnlewis's ("Plaintiff") Motion to Remand [Doc. # 11].  Defendants U.S. Bank National Association ("U.S. Bank"); GMAC Mortgage, LLC ("GMAC"); RASC 2007-KS2 Trust; Mortgage Electronic Registration System, Inc. ("MERS"); Residential Assert Securities Corporation; and Residential Funding Company, LLC's (collectively, "Defendants") filed a Response [Doc. # 15].  Although the Court rejects Plaintiff's arguments, the record is inadequate to permit a complete examination of the Court's subject matter jurisdiction.  The Motion will be held under advisement while the parties supplement the record as described hereafter.

## I.   BACKGROUND

On November 10, 2006, Plaintiff signed a security instrument and obtained from New Century Mortgage Corporation a home equity loan for $107,200.00 on her

property in Sugarland, Texas.  *See* Home Equity Note [Doc. # 7], Exh. A, at 1, 35; Texas Home Equity Security Instrument [Doc. # 7], Exh. B.  On June 8, 2012, the Deed of Trust was assigned to U.S. Bank.  Assignment of Deed of Trust [Doc. # 7], Exh. C.  On October 21, 2009, GMAC, the loan servicer, granted Plaintiff a loan modification.  Complaint, at 20.  Plaintiff defaulted on the loan, and U.S. Bank applied for an expedited foreclosure order under TEX. R. CIV. P. 736 in the 240th District Court of Fort Bend County, Texas, on August 30, 2012.  *Id.* at 21; Citation [Doc. # 13], Exh. H.  On April 26, 2012, GMAC notified Plaintiff that her loan was being accelerated.[1]  Notice of Acceleration [Doc. # 13], Exh. M, at 2-3.  In May 2012, Plaintiff filed a complaint against GMAC with the Texas Department of Savings and Mortgage Lending, which took no action in response to Plaintiff's complaint.  Complaint, at 20.

On October 15, 2012, Plaintiff filed this lawsuit to quiet title against Defendants in the 268th Judicial District Court for Forth Bend County, Texas.  Complaint [Doc. # 1], Exh. A-2, at 39.  Because Plaintiff's lawsuit challenges the foreclosure, the expedited foreclosure proceeding pending in the 240th District Court of Fort Bend County was dismissed on November 5, 2012.  Order [Doc. # 13], Exh. P; *see also*

---

[1]    GMAC later rescinded the acceleration of Plaintiff's loan.  Notice of Rescission of Acceleration [Doc. # 13], Exh. M.  The timing of the rescission is not clear from the current record.

TEX. R. CIV. P. 736.11.  Defendants removed Plaintiff's suit to federal court on November 14, 2012, *see* Notice of Removal [Doc. # 1], at 11, and filed a Motion to Dismiss [Doc. # 7] on November 21, 2012.  On November 26, 2011, Defendants GMAC Mortgage, LLC, Residential Asset Securities Corporation, and Residential Funding Company, LLC notified the Court that Residential Capital, LLC and certain of its direct and indirect subsidiaries, including GMAC, Residential Asset Securities Corporation, and Residential Funding Company, LLC, had filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York on May 14, 2012.  *See* "Notice of Bankruptcy and Suggestion of Automatic Stay" [Doc. # 9]. Plaintiff filed the instant Motion on December 3, 2012 [Doc. # 11].

## II.    **LEGAL STANDARD**

While the United States Constitution requires only minimal diversity for federal courts to have subject matter jurisdiction, U.S. CONST. art. III, § 2, cl. 1; *see Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1064 n.3 (5th Cir. 1992) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967)), Congress has imposed a higher threshold.  Under 28 U.S.C. § 1332, there must be complete diversity and at least $75,000 in controversy.  28 U.S.C. § 1332; *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).  In order for there to be complete diversity, all persons and entities on one side of the controversy must be citizens of

states different from all persons and entities on the other side of the controversy. *McLaughlin*, 376 F.3d at 353; *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).   "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted).   Thus, Defendants have the burden to demonstrate there is complete diversity.

## III.   ANALYSIS

### A.   Plaintiff's Arguments

Plaintiff appears to argue that (1) there is not complete diversity of citizenship between the parties because GMAC is actually a plaintiff in the litigation; (2) that the amount in controversy for her declaratory judgment claim does not exceed $75,000; (3) the Court lacks diversity jurisdiction because Defendants have minimum contacts with Texas; and (4) the expedited foreclosure preceding before the 240th District Court of Fort Bend County, as an *in rem* suit, divests this Court of subject matter jurisdiction.

### 1.    Complete Diversity

Plaintiff asserts that this court lacks subject matter jurisdiction because GMAC, a plaintiff, and MERS, a defendant, are both citizens of Delaware.  Memorandum in Support of Motion [Doc. # 12], at 11.  Plaintiff appears to base this assertion on the fact that in the expedited foreclosure proceeding before the 240th District Court of Fort Bend County, GMAC was a plaintiff and MERS was "a defendant in Movant's counterclaim."  *Id.* (emphasis omitted).  However, the state foreclosure case is not before this Court and previously was dismissed.  Order [Doc. # 13], Exh. P.  In the instant case, Plaintiff elected to sue both GMAC and MERS, making each of them Defendants here.  Neither Defendant has raised a counterclaim or cross-claim.

Further, this Court adopts the reasoning in *Campos v. U.S. Bank Nat. Ass'n*, No. 4:12-cv-2236, 2012 WL 5828619, at *4 (S.D. Tex. Nov. 13, 2012) (Ellison, J.).  That Court held that "[t]he fact that Defendants filed a 736 proceeding does not change the analysis [of who constitutes a "plaintiff"] because a 736 proceeding is abated as soon as the respondent files a new action." *Id.*  "Thus, even if Defendants originally moved to foreclose Plaintiff's home, that does not turn Defendants into the plaintiffs in this case." *Id.* at 5.

Plaintiff also appears to argue that GMAC is a plaintiff because the instant

litigation is a compulsory counterclaim to U.S. Bank's suit under TEX. R. CIV. P. 736 and that res judicata would bar her from raising her counterclaim in the future if it was not raised during the rule 736 proceeding.  Memorandum in Support, at 6-7. However, "a counterclaim that attempts to address the underlying merits of the applicant's conduct—and for which discovery would be necessary—is incongruent with the purposes of a rule 736 proceeding."  *Hutson v. U.S. Bank Nat. Ass'n*, 359 S.W.3d 679, 682 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  Texas's rules involving compulsory counterclaims do not apply in a special proceeding, like an expedited foreclosure proceeding under Rule 736.  *Id.*  Additionally, Rule 736 states that "[n]o order or determination of fact or law under Rule 736 shall be res judicata or constitute collateral estoppel or estoppel by judgment in any other proceeding or suit."  TEX. R. CIV. P. 736(9).  "The district court's determination of whether to grant or deny the [Rule 736] application is not intended to be a binding adjudication of the merits of any disputes between a lender and a borrower."  *Hutson*, 359 S.W.3d at 682.

Accordingly, the Court rejects Plaintiff's argument that GMAC is actually a plaintiff.  Because GMAC and MERS are both Defendants here, the fact that GMAC and MERS are both citizens of Delaware does not destroy complete diversity.  *See McLaughlin*, 376 F.3d at 353; *Harrison*, 404 F.2d at 272 (citing *Strawbridge*, 7 U.S. (3 Cranch) 267).

### 2.      Amount in Controversy

Although Plaintiff seeks, in addition to attorney's fees and costs, $139,684.69 in actual damages and $300,000 in exemplary damages, Complaint, at 35-36, she argues that the lawsuit does not satisfy 28 U.S.C. § 1332's amount in controversy requirement because she is "not requesting damages in conjunction with the declaratory relief sought."   Motion, at 6.   This argument is frivolous in light of Plaintiff's own pleadings for damages.   However, even without her damages claims, Plaintiff's suit satisfies the amount in controversy requirement.   "When the claim is one for declaratory relief, the amount in controversy is determined by 'the value of the right to be protected or the extent of the injury to be prevented.'" *Dow Agrosciences LLC v. Bates*, 332 F.3d 323 (5th Cir. 2003) (quoting *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998)), *vacated and remanded on other grounds by* 544 U.S. 431 (2005).   "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961); *see also Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. Aug. 25, 2009) (unpublished) (citing *Waller*, 296 F.2d at 547-48).   Thus, the Court uses the value of Plaintiff's property to determine the amount in controversy.   Because Plaintiff's property was assessed as having a market value of $126,190, Property Tax

Balances [Doc. # 1], Exh. B, the Court concludes that the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

### 3.    Minimum Contacts with Texas

Plaintiff argues that because Defendants have minimum contacts with Texas, this Court is deprived of diversity jurisdiction and Texas state courts have "specific jurisdiction" over Defendants.  Memorandum, at 11-13.  This argument is rejected. Plaintiff conflates the doctrines of personal jurisdiction and subject matter jurisdiction. Personal jurisdiction defines the persons over whom a particular court has authority, while subject matter jurisdiction involves the classes of cases that a particular court has statutory or constitutional power to adjudicate.  *See Gulf Restoration Network v. Salazar*, 683 F.3d 158, 172 (5th Cir. 2012) (citations omitted).  The existence or lack of Defendants' minimum contacts with Texas does not impact the Court's subject matter jurisdiction.  *See Zavala v. M & T Trust Co.*, No. SA–11–CV–956–XR, 2011 WL 6739614, at *2 (W.D. Tex. Dec. 22, 2011) (holding that whether the defendant "does business in the state or has a presence here is not the relevant consideration for purposes of diversity jurisdiction").  "Rather, the Court must look to the citizenship of the parties, not whether they would be subject to personal jurisdiction . . . ."  *Id.*; *see also* 28 U.S.C. § 1332.  Plaintiff's argument that Defendants' minimum contacts with Texas require the instant case be remanded to state court fails.

### 4.     Conflicting State Jurisdiction over *In Rem* Proceedings

Plaintiff asserts that an expedited foreclosure suit is an *in rem* proceeding and that this Court cannot assume *in rem* jurisdiction over the same *res* that is before the 240th District Court of Fort Bend County.  Memorandum in Support, at 14-17.  The expedited foreclosure proceeding brought by U.S. Bank was dismissed on November 5, 2012.  Order [Doc. # 13], Exh. P.  Therefore, no conflict exists and Plaintiff's argument fails.

### B.     <u>Attorney's Fees and Costs</u>

Plaintiff requests that under 28 U.S.C. § 1447(c), she be awarded the attorney's fees and costs that were incurred as a result of the removal.  As Plaintiff recognizes, *see* Memorandum in Support, at 19-20, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  In the instant case, Defendants had a reasonable basis for removal.  Plaintiff's request for attorney's fees and costs is denied.

### C.     <u>Citizenship of the Parties</u>

Although Plaintiff does not dispute Defendants' characterization of any of the parties' citizenship, the Court must independently assess whether it has subject matter jurisdiction.  "Jurisdiction cannot be waived, and it is the duty of a federal court first

to decide, *sua sponte* if necessary, whether it has jurisdiction before the merits of the case can be addressed." *Filer v. Donley*, 690 F.3d 643, 646 (5th Cir. 2012) (citation omitted); *see also A.I.M. Controls, LLC v. C.I.R.*, 672 F.3d 390, 392 (5th Cir. 2012) ("Federal courts 'must raise and decide jurisdictional questions that the parties either overlook or elect not to press.'").  Thus, the Court must confirm that the parties are completely diverse, and the remanding Defendants have the burden of proof here.

When determining an individual's citizenship, "the state where someone establishes his domicile serves a dual function as his state of citizenship." *Preston v. Tenet Healthysystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) (citation omitted).  Plaintiff resides in, and is therefore a citizen of, Texas. *See* Notice of Removal, at 7; Complaint, at 12.

As for Defendants, Residential Asset Securities Corporation is a Delaware corporation with its principal place of business in Minnesota.  Corporate Ownership Statement [Doc. # 13], Exh. B.  "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1). Therefore, Residential Asset Securities Corporation is a citizen of Minnesota and Delaware, and not Texas.

The parties correctly agree that GMAC is not a citizen of Texas.  *See* Notice of

Removal, at 8 (citizen of Delaware and Michigan); Memorandum in Support of Motion, at 10 (citizen of Delaware).  GMAC is a Delaware limited liability company wholly owned by GMAC Residential Holding Company, LLC.  Corporate Ownership Statement [Doc. # 13], Exh. F; Notice of Removal, at 8.  The citizenship of a limited liability company ("LLC") is based upon the citizenship of each of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008); *see also C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) ("In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").  GMAC Residential Holding Company, LLC's sole member is Residential Capital, LLC, whose sole member is GMAC Mortgage Group, LLC.  Notice of Removal, at 8.  Ally Financial, Inc., a corporation, is the sole member of GMAC Mortgage Group, LLC.  *Id.*  Ally Financial, Inc. is incorporated in Delaware and has its principal place of business in Michigan.  *Id.*  Therefore, the Court looks to Ally Financial, Inc.'s citizenship to determine GMAC's citizenship.  GMAC is citizen of Delaware and Michigan, and not Texas.

The parties also correctly agree that MERS is not a citizen of Texas.  *See* Notice of Removal, at 8 (explaining that MERS as Delaware corporation whose principal place of business is in Virginia); Complaint, at 4 (listing MERS as Delaware

corporation whose principal place of business is in Memphis, Tennessee); *Memorandum in Support of Motion*, at 10 (stating that MERS is a citizen of Delaware and Virginia). According to the Fifth Circuit, "for diversity purposes, [MERS's] citizenship is tied to its principal place of business (Virginia) or its state of incorporation (Delaware). MERS is not a citizen of Texas." *Crear v. JP Morgan Chase Bank N.A.*, No. 10-10875, 2011 WL 1129574, at *2 (5th Cir. Mar. 28, 2011) (unpublished).

Next, Plaintiff sued both the RASC 2007-KS2 Trust and U.S. Bank in its capacity as the trustee for RASC 2007-KS2 Trust. Regarding U.S. Bank, when a trustee is a named party to a lawsuit, the trustee's citizenship is considered for the purpose of diversity jurisdiction. *See Carden*, 494 U.S. at 191-94; *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 464-66 (1980). "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The Supreme Court has interpreted this to mean that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). U.S. Bank's main office is located in Minnesota, making it a citizen of Minnesota. *Response*, at 3.

For the trust itself, Defendants assert, based on *Navarro*, that the citizenship for diversity purposes of the RASC 2007-KS2 Trust should be determined based on the citizenship of its trustee, U.S. Bank.  *See* Notice of Removal, at 9; Response, at 4. However, the Court concludes that *C.T. Carden v. Arkoma Assocs.* requires courts to look to the citizenship of a trust's beneficiaries to determine the trust's citizenship. *See generally* 494 U.S. at 189-96; *Berry v. Chrysler Group, LLC*, No. H-12-1492, 2013 WL 416218, at *1-7 (S.D. Tex. Jan. 31, 2013).  In *Carden*, the Supreme Court held that a federal court must consider the citizenship of both general and limited partners of a limited partnership.  494 U.S. at 195-96.  In doing so, the *Carden* majority stated that "*Navarro* had nothing to do with the citizenship of the 'trust,'" *id.* at 192-93, and that *Navarro* merely established that trustees could "'sue in their own right, without regard to the citizenship of the trust beneficiaries.'"  *Id.* at 191 (quoting *Navarro*, 446 U.S. at 465-66).  The Supreme Court held that, with the exception of a corporation or a *sociedad en comandita* (an entity under Puerto Rican law that is akin to a corporation), an artificial entity suing or being sued in its own name has the citizenship of all of its members.  *See generally id.* at 189-96.  This Court, therefore, must identify and consider the citizenship of the RASC 2007-KS2 Trust's beneficiaries to determine the citizenship of the RASC 2007-KS2 Trust.  *See, e.g.*, *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 205 (3d Cir.

2007); *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337-40 (11th Cir. 2002), *overruled on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 89 (2006), *as recognized in Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1348 (11th Cir. 2008); *Yueh-Lan Wang ex rel. Wong v. New Mighty U.S. Trust*, 841 F. Supp. 2d 198, 203-05 (D.D.C. 2012); *Oak Den Farm, LLC v. Travelers Indem. Co.*, No. 06-7205, 2008 WL 115179, at *5-6 (E.D. La. Jan. 9, 2008).[2]  The current record is silent as the citizenship of the beneficiaries of the RASC 2007-KS2 Trust.

Additionally, the record is unclear as to the citizenship of Residential Funding Company, LLC.  Defendants' Notice of Removal states that Residential Funding Company, LLC's sole member is GMAC Residential Holding Company, LLC.  *See* Notice of Removal, at 9.  However, according to Plaintiff's evidence, Residential Funding Company, LLC is a Delaware limited liability company wholly owned by GMAC-RFC Holding Company, LLC.  Corporate Ownership Statement [Doc. # 13], Exh. C, at 1-2.  Therefore, to determine whether it has subject matter jurisdiction, the Court requires additional information concerning the citizenship for diversity purposes of Residential Funding Company, LLC.

In summary, to demonstrate subject matter jurisdiction, Defendants must prove

---

[2]     These cases do not settle whether the Court should consider U.S. Bank, as trustee, a member of the RASC 2007-KS2 Trust.  However, because U.S. Bank is diverse from Plaintiff, the Court need not reach this issue.

the citizenship of the RASC 2007-KS2 Trust and the Residential Funding Co, LLC.[3]

IV.    **CONCLUSION**

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 11] is **DENIED IN PART** on the grounds Plaintiff asserts.  Plaintiff's request for attorney's fees and costs is **DENIED.**  Plaintiff's Motion to Remand will be held under advisement.  It is further

**ORDERED** that, on or before **February 28, 2013,** Defendant Residential Funding Company, LLC must submit to the Court a declaration by a custodian of records or other person with personal knowledge, *see* 28 U.S.C. § 1746, that addresses the citizenship of Residential Funding Company, LLC.  It is further

**ORDERED** that, on or before **February 28, 2013,** Defendant U.S. Bank National Association must submit to the Court a declaration by a custodian of records or other person with personal knowledge that addresses whether any of the beneficiaries of the RASC 2007-KS2 Trust are citizens of Texas for diversity purposes.

**SIGNED** at Houston, Texas, this 21st day of **February, 2013.**

Nancy F. Atlas
United States District Judge

---

[3]    The Court assumes for these purposes that these parties are not fraudulently joined in this litigation.