IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERNADETTE M. JOHNLEWIS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3360 |
| | § | |
| U.S. BANK, NATIONAL | § | |
| ASSOCIATION, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

In this foreclosure suit, Defendants U.S. Bank National Association ("U.S. Bank"), GMAC Mortgage, LLC ("GMAC"), RASC 2007-KS2 Trust ("the Trust"), Mortgage Electronic Registration System, Inc. ("MERS"), Residential Assert Securities Corporation, and Residential Funding Company, LLC (collectively, "Defendants") have filed a Motion to Dismiss Plaintiff's Complaint [Doc. # 7] ("Motion to Dismiss").[1] Defendants also have filed a Motion to Dismiss RASC 2007-KS2 Trust [Doc. # 29] ("Motion to Dismiss the Trust").[2] Plaintiff Bernadette M. Johnlewis has filed a Motion to Remand [Doc. # 11].[3] The motions are fully briefed

---

[1]    Plaintiff has responded [Doc. # 16], and Defendants replied [Doc. # 19].

[2]    Regarding the Motion to Dismiss the Trust, Plaintiff filed an "Objection" [Doc. # 32], a "Further Objection" [Doc. # 35], and a Response [Doc. # 39]. Defendants filed a Reply [Doc. # 38].

[3]    As to the Motion to Remand, Plaintiff filed a Memorandum [Doc. # 12] in support of
(continued...)

and ripe for decision.  Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that Defendants' Motion to Dismiss the Trust should be **granted**, that Plaintiff's Motion for Remand should be **denied**, and that Defendants' Motion to Dismiss should be **granted**.

## I.     BACKGROUND

Plaintiff Johnlewis brings this suit to quiet title against Defendants after foreclosure on a home equity loan secured by her property in Sugar Land, Texas (the "Property").  As set forth in the Court's previous Memorandum and Order [Doc. # 22], Plaintiff executed a Note on November 10, 2006, for a home equity loan in the amount of $107,200.  *See* Note (Exhibit A to Motion to Dismiss).  The original lender was New Century Mortgage Corporation.  The Note was secured by a lien on Plaintiff's Property.  *See* Deed of Trust (Exhibit B to Motion to Dismiss).  On June 8, 2012,  the Deed of Trust, "together with the [N]ote," was assigned to Defendant U.S. Bank "as Trustee for RASC 2007-KS2."  *See* Assignment (Exhibit C to Motion to Dismiss).

---

3        (...continued)
          her motion, as well as Exhibits [Doc. # 13].  Defendants filed a response [Doc. # 15].
          After the Court issued a Memorandum and Order [Doc. # 22], Defendants filed a
          response [Doc. # 25] and supplemental briefing [Doc. # 27].  Plaintiff also filed
          supplemental briefing [Doc. # 30], to which Defendants responded [Doc. # 33].
          Plaintiff also, with leave of Court, filed a supplement [Doc. # 37] to her Motion.

Plaintiff does not dispute that she defaulted on her obligations under the Note and Deed of Trust by failing to make payments.  Her pleadings allude to financial hardship beginning in 2005.[4]  On August 30, 2012, U.S. Bank applied for an expedited foreclosure in state court under Rule 736 of the Texas Rules of Civil Procedure. Petition, at 35; Citation, dated September 12, 2012 (Exhibit H to Motion to Remand).

Plaintiff filed the instant lawsuit to quiet title in state court on October 15, 2012. Because this lawsuit had been filed, the expedited foreclosure proceeding filed by U.S. Bank was dismissed.  Order, dated November 5, 2012 (Exhibit P to Motion to Remand).  On November 14, 2012, Defendants removed the suit to quiet title to this Court.  Notice of Removal [Doc. # 1].

On November 21, 2012, Defendants filed a Motion to Dismiss all of Plaintiff's claims.  On December 3, 2012, Plaintiff filed a Motion to Remand.  These motions have remained pending while the Court ordered further filings to ascertain the citizenship of all Defendants and related issues of subject matter jurisdiction.

In February 2013, the Court held the Motion to Remand under advisement, and ordered Defendants to provide evidence of citizenship for two Defendants: Residential Funding Company, LLC, and the Trust.  Memorandum and Order [Doc.

---

[4]     Plaintiff's Suit to Quiet Title Request for Declaratory Judgment Request for Damages (Exhibit 2 to Notice of Removal [Doc. # 1]) ("Petition"), at 20-21.

# 22].  In response, Defendants provided an affidavit stating that Residential Funding

Company, LLC, is not incorporated under the laws of Texas and does not have its

principal place of business in Texas.[5]  As to the Trust, Defendants filed supplemental

briefing stating that, "[d]espite diligent efforts"  Defendant U.S. Bank was unable to

provide a declaration concerning the beneficiaries of the Trust.  *See* Doc. # 27, at 2.

However, Defendants took the position that the Trust's citizenship was irrelevant

because the Trust had been improperly joined.  Subsequently, in compliance with an

Order by the Court [Doc. # 28], Defendants filed a Motion to Dismiss the Trust [Doc.

# 29] based on improper joinder.

## II.    **IMPROPER JOINDER**

Defendants' Motion to Dismiss the Trust [Doc. # 29] argues that the Trust was

improperly joined as a Defendant because Plaintiff has not stated a cause of action

against the Trust.  A non-diverse defendant may be found to be improperly joined if

either there is "'actual fraud in the plaintiff's pleading of jurisdictional facts'" or the

---

[5]      Affidavit of Jennifer Shank (Exhibit A to Doc. # 25), at 2, ¶ 4 ("The sole member of Residential Funding Company, LLC, is GMAC-RFC Holding Company, LLC.  The sole member of GMAC–RFC Holding Company, LLC, is Residential Capital, LLC. The sole member of Residential Capital, LLC, is GMAC Mortgage Group, LLC.  The sole member of GMAC Mortgage Group, LLC, is Ally Financial Inc.  Ally Financial Inc. is incorporated under the laws of the State of Delaware with its principal place of business in Michigan.  Residential Funding Company, LLC is not incorporated under the laws of the State of Texas and, likewise, does not have its principal place of business in the State of Texas.").

removing defendant demonstrates that plaintiff cannot establish a cause of action against the non-diverse defendant. *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). In this case, Defendants do not allege actual fraud in Plaintiff's pleading.

The test under the second prong "'is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). The party asserting improper joinder bears a heavy burden of persuasion. *Id.* at 514. "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). Generally, if the plaintiff could survive a Rule 12(b)(6) challenge, joinder is not improper. *Smallwood*, 385 F.3d at 573.

In this case, Defendants cite to the Petition itself in arguing that Plaintiff has stated no claim against, and has alleged no wrongdoing by, the Trust. In response, Plaintiff asserts that she has a right to recovery against the Trust because "[t]he only named Defendant that is a real party in interest is the RASC 2007 KS2 Trust" and

Plaintiff's request for a declaratory judgment requires a real party in interest in order to have full effect.  Objection [Doc. # 32], at 10-12.[6]  She does not allege any facts in support of her conclusory statement that the Trust is the only real party in interest. Moreover, her Petition does not allege a claim for declaratory judgment against the Trust, but rather seeks declarations regarding U.S. Bank as Trustee, GMAC,  and MERS.[7]

Under the *Smallwood* test, because Plaintiff has not stated a cause of action against the Trust, Defendants have demonstrated that there is "no reasonable basis" for this Court to predict that Plaintiff might be able to recover against the Trust. Defendants' Motion to Dismiss the Trust as improperly joined is **granted with prejudice.**[8]

---

[6]     Plaintiff has represented to the Court that she does not bring a cause of action against the Trust to enforce the Pooling and Service Agreement.  Response to Motion to Dismiss [Doc. # 16], at 14-15.  Even if Plaintiff were seeking to bring such a claim, she would lack standing to do so.  *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 722 F.3d 700, 708 & n. 29 (5th Cir. 2013) (debtors on a home equity loan were not party to the Pooling and Servicing Agreement and had no right to enforce its terms unless they were its *intended* third-party beneficiaries, which the Court held they were not).

[7]     Petition, at 31-33.  *See Cavallini v. State Farm Mutual Auto. Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995) (removal jurisdiction is determined based on claims in state pleadings as pleadings exist at time of removal).

[8]     The Court has considered carefully Plaintiff's objections in her filings, *see* Docs. # 32, # 35, including her arguments regarding proper placement of burden of proof to show subject matter jurisdiction, adequacy of the record, post-removal joinder, the forum defendant rule, and defects in removal procedure.  None of the law cited by Plaintiff

(continued...)

III.    **REMAND**

Plaintiff has filed a Motion to Remand [Doc. # 11] arguing that this Court lacks subject matter jurisdiction because the parties are not completely diverse.[9]

Subject matter jurisdiction in the federal courts requires complete diversity between the parties and at least $75,000 in controversy.   28 U.S.C. § 1332; *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).  In order for there to be complete diversity, all persons and entities on one side of the controversy must be citizens of states different from all persons and entities on the other side of the controversy.  *McLaughlin*, 376 F.3d at 353; *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).  "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).  The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d

---

[8]        (...continued)
changes the outcome in this case.

[9]        Removal of this action was timely.  Plaintiff discusses the timeliness of Defendants' removal of this action, although she appears not to challenge it.  Response [Doc. # 16], at 6-8.  Plaintiff filed her Petition in the 268th District Court of Fort Bend County on October 15, 2012.  Defendants were not served with formal process, but nevertheless removed the action to this Court on November 14, 2012, which was thirty days after the Petition was filed, and thus timely under 28 U.S.C. § 1446(b).

912, 916 (5th Cir. 2001) (citations omitted).  Thus, Defendants have the burden to demonstrate there is complete diversity.

The Court's previous opinion held the following:  Plaintiff is a citizen of Texas; Defendant Residential Asset Securities Corporation is a citizen of Minnesota and Delaware; Defendant GMAC is a citizen of Delaware and Michigan;  Defendant MERS is a citizen of Virginia and Delaware; Defendant U.S. Bank is a citizen of Minnesota.  Memorandum and Order [Doc. # 22], at 10-12.  The opinion stated that the citizenship of the Trust and of Residential Funding Company LLC could not be determined on the record at the time, and therefore ordered Defendants to supplement the record.  *Id.* at 13-15.

Defendants now have supplemented the record with an affidavit stating that Defendant Residential Funding Company, LLC, is not incorporated under the laws of Texas and does not have its principal place of business in Texas.  Affidavit of Jennifer Shank (Exhibit A to Doc. # 25), at 2, ¶ 4.  Its presence in the suit therefore does not defeat diversity jurisdiction.

As held above, the Trust has been dismissed from this suit as improperly joined. Its citizenship therefore is irrelevant to the jurisdiction of this Court.  *Borden v Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

Defendants have demonstrated that all Defendants in this suit are citizens of states different from Texas, the state of Plaintiff's citizenship.  Therefore, Defendants have met their burden to show complete diversity, *see McLaughlin*, 376 F.3d at 353, and Plaintiff's Motion to Remand is **denied**.

## IV.   MOTION TO DISMISS

Having resolved the jurisdictional issues, the Court now turns to Defendants' substantive motion.  Defendants move to dismiss all claims in Plaintiff's Petition, which are a request for declaratory judgment, claims under Texas Civil Practice and Remedies Code Sections 12.002 and 12.003, and a claim to quiet title.

### A.   Legal Standards

Plaintiff brought her Petition in state court, and has not amended her pleadings in federal court.  Therefore, Texas pleading standards apply to the Petition.  *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000) ("federal rules do not apply to filings in state court, even if the case is later removed to federal court"); *see Meisel v. USA Shade and Fabric Structures Inc.*, 795 F. Supp. 2d 481, 488 n.3 (N.D. Tex. 2011) (Fish, J.); *SFTF Holdings, LLC v. Bank of America*, 2011 WL 1103023, at *1 (N.D. Tex. Mar. 22, 2011) (Fish, J.).[10]   "Texas follows a 'fair notice' standard for pleading, which looks

---

[10]   *But see Allison v. J.P. Morgan Chase Bank, N.A.*, 1:11-CV-342, 2012 WL 4633177, at *6 (E.D. Tex. Oct. 2, 2012) (Giblin, M.J.) (holding that federal pleading standards should be applied to cases removed from state court in which pleadings had not been
(continued...)

to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). Texas procedural rules require that pleadings " consist of a statement in plain and concise language of the plaintiff's cause of action" and provide, "That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." TEX. R. CIV. P. 45(b). A cause of action may be dismissed, upon motion, if "it has no basis in law or fact." TEX. R. CIV. P. 91a.1.

---

10  (...continued)

amended); *Itzep v. Academy, Ltd*., No. A-12-CV-197-LY, 2012 WL 1965669, at *2-*3 (W.D. Tex. May 30, 2012) (Austin, M.J.) (same). Federal pleading standards are more stringent than Texas standards. Under federal pleading standards, courts traditionally hold that a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim is viewed with disfavor and is rarely granted. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). The Supreme Court has explained that in considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 570).

The Court finds more persuasive the reasoning in *Meisel* and other cases holding that state pleadings standards should apply to pleadings that were filed in state court, removed, and not amended. However, in this case, the difference is not dispositive because, as held herein, Plaintiff's pleadings fail under Texas standards, and would also fail under the stricter federal standards.

A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claim to the relief sought.  A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

*Id*.

### B.    Declaratory Judgment

Defendants move to dismiss Plaintiff's cause of action seeking declaratory judgment.  Plaintiff's Petition seeks "a declaration of rights, status or other legal relations under" the Note, the Deed of Trust, and the Assignment.  Petition, at 31-33.

In deciding the legal viability of a declaratory judgment claim, "[a] federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action."  *Sherwin–Williams Co. v. Holmes Cnty.,* 343 F.3d 383, 387 (5th Cir. 2003) (citations omitted).  For the Court to grant declaratory relief, there must be a "substantial and continuing controversy between two adverse parties" and "a substantial likelihood that [the Plaintiffs] will suffer injury in the future" from a violation of the law.  *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir. 2003).

As set forth above, Plaintiff executed a Note on November 10, 2006, in favor of New Century Mortgage Corporation in the amount of $107,200.  The Note was secured by a lien on Plaintiff's Property, as reflected in the Deed of Trust.  The Note

reflects that it was indorsed to Residential Funding Company, LLC, and in turn to U.S. Bank as Trustee.  *See* Indorsement Page for Note (Doc. # 7-1 on Court's ECF system, at page 6 of 38).  On June 8, 2012, Defendant MERS executed an Assignment that granted, assigned, and transferred to U.S. Bank, as Trustee, all beneficial interest under the Deed of Trust, "together with the [N]ote."[11]

Plaintiff argues that Defendants are not entitled to enforce the Note and Deed of Trust, raising a challenge to the chain of title for the Property.  She argues that Defendant U.S. Bank lacks authority to foreclose on the Property because the Deed of Trust does not grant it such authority.  She further argues that MERS lacked authority to execute the Assignment, which assigned to Defendant U.S. Bank "all beneficial interest" under the Deed of Trust, and therefore that the Assignment is invalid.  *See* Response [Doc. # 16], at 16-17.  Plaintiff claims that a foreclosure would enforce the Deed of Trust but not the underlying Note.  *Id.* at 15.

---

[11]   The Note, Deed of Trust, and Assignment were attached to the Motion to Dismiss and, under federal standards, may properly be considered by the Court in adjudicating the motion.  *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

The courts have rejected Plaintiff's theories.[12]   The Fifth Circuit recently has stated that MERS may foreclose as beneficiary of a security instrument and furthermore may "transfer the deed of trust securing the underlying note." *Wiley v. Deutsche Bank Nat'l Trust Co.*, No. 12-51039, 2013 WL 4779686, at *2 (5th Cir. Sept. 6, 2013) (unpublished) (citing Texas law).  In this case, the plain language of the Deed of Trust entitled MERS to "exercise any or all of those interests [granted by Borrower in this Security Instrument], including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument."  Deed of Trust, at 4.  MERS clearly had authority to execute the Assignment.

To the extent Plaintiff relies on a "split the note" theory, this argument also fails.  Under such a theory, "a transfer of a deed of trust by way of MERS 'splits' the note from the deed of trust, thus rendering both null."  *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013).  The Fifth Circuit has carefully considered the authority supporting such a theory under Texas law, and held that such theory is unavailing:

---

[12]     Defendants' argument that Plaintiff lacks standing to contest the Assignment has been rejected by the Fifth Circuit.  The Fifth Circuit recently has held that plaintiffs such as Johnlewis may challenge an assignment.  *Reinagel*, 722 F.3d at 705 (mortgagors may challenge as void *ab initio* the transactions by which the loan originator purportedly assigned the deed of trust and promissory note to another party).

The "split-the-note" theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned.  The party to foreclose need not possess the note itself.  Here, the mortgage was assigned to MERS, and then by MERS to [the servicer]—the assignment explicitly included the power to foreclose by the deed of trust.  MERS and [the servicer] did not need to possess the note to foreclose.

*Id.* at 255.[13]  Similarly, in this case, the assignment of the Deed of Trust by MERS to U.S. Bank was valid and conferred on U.S. Bank the power to foreclose.

An action for declaratory judgment is not justified when there is no "substantial and continuing controversy" between the parties.  *Bauer*, 341 F.3d at 358.  No such controversy exists here.  Taking all facts in the Petition as true, Plaintiff's pleadings fail to provide Defendants with "fair notice" of the "nature and basic issues" of a legally cognizable "controversy" between the parties,[14] and the claim has "no basis in law or fact."[15]

Plaintiff's request for declaratory judgment is dismissed **with prejudice**.

### C.    Texas Civil Practice and Remedies Code Sections 12.002 & 12.003

---

[13]    *See Wiley*, 2013 WL 4779686, at *1; *Casterline v. Onewest Bank, F.S.B.*, No. 13-40067, 2013 WL 3868011, at *2 (5th Cir. July 3, 2013) (unpublished).

[14]    *See Horizon*, 34 S.W.3d at 896 ("Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant.").

[15]    *See* TEX. R. CIV. P. 91a.1. ("A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claim to the relief sought.  A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.")

Plaintiff appears to allege that, because MERS lacked authority to execute the Assignment, Defendants violated Texas Civil Practice and Remedies Code Sections 12.002 and 12.003 when MERS assigned the Deed of Trust to U.S. Bank.  Petition at 34-35.  Section 12.002(a) prohibits a person from presenting or using "a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property" with intent that the document evidence a valid lien or claim and with intent to cause injury to another person.  Section 12.003(a)(8) authorizes a cause of action by a debtor to enjoin violation of the statute in the case of a fraudulent lien or claim against real property.  Plaintiff's briefing on this claim simply refers to her pleadings.  Response [Doc. # 16], at 21.

Plaintiff's claim rests on the allegation that MERS lacked authority to execute the Assignment.  As held above, this claim fails under both the terms of the Deed of Trust and recent Fifth Circuit authority.[16]  Therefore, taking all facts in the Petition as true, Plaintiff's pleadings fail to state a legally viable claim and the claim is dismissed **with prejudice** as having "no basis in law or fact."  *See* TEX. R. CIV. P. 91a.1; *Horizon*, 34 S.W.3d at 896.

---

[16]    Deed of Trust, at 4; *Wiley*, 2013 WL 4779686 at *2.  *See Nguyen v. Fed. Nat'l Mortgage Ass'n*, No. H-12-CV-2307, ___ F. Supp. 2d ___, 2013 WL 3937030, at *9-*10 (S.D. Tex. July 30, 2013) (Rosenthal, J.) (dismissing claim under Section 12.002); *Williams v. Bank of New York Mellon Trust Co. N.A.*, No. H-11-CV-03139, 2012 WL 1425127, at *3 (S. D. Tex. Apr. 24, 2012) (Werlein, J.) (same).

Finally, Plaintiff states summarily that she should be permitted to amend her pleadings, Response [Doc. # 16], at 21, although she has not moved to amend.[17] Because she has not indicated how an amended pleading could overcome the Deed of Trust and the Fifth Circuit authority cited above, the Court holds that any amendment would be futile.[18]

## D.   Suit to Quiet Title

Plaintiff brings suit to quiet title, alleging that the Assignment executed by MERS was not authorized.  Petition, at 36-37.  As with her statutory claim, her briefing on her suit to quiet title simply refers to her pleadings.  Response [Doc. # 16], at 21.

A suit to quiet title "relies on the invalidity of the defendant's claim to the property," and therefore "the plaintiff has the burden of supplying the proof necessary to establish his *superior equity and right to relief*."  *Morlock*, 2013 WL 2422778, *1 (citing Texas law) (internal quotation marks and citations omitted) (emphasis

---

[17]   Plaintiff did not amend her pleadings before the court-imposed deadline of April 30, 2013, to which the parties agreed. *See* Scheduling Order [Doc. # 24].

[18]   *See Morlock, L.L.C. v. MetLife Home Loans, L.L.C.*, 13-20132, 2013 WL 4844713, at *2 (5th Cir. Sept. 12, 2013) (unpublished) (citing *Wilson v. Bruks–Klockner, Inc.*, 602 F.3d 363, 373 (5th Cir. 2010); *Morlock v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at *2 n. 5 (5th Cir. June 4, 2013) (unpublished); *Morlock v. Bank of Am. N.A.*, No. H-12-CV-0364, 2012 WL 1640895, at *4 (S.D. Tex. May 8, 2012)).

original).  In order to recover, a plaintiff must establish his or her right of ownership. *Id*.

Plaintiff  fails to state a claim for quiet title.  As held above, the Deed of Trust permitted MERS to assign its interests under the instrument, and the Assignment executed by MERS validly transferred its interest to U.S. Bank as Trustee.  Based on Plaintiff's failure to perform her obligations under the Note and Deed of Trust, U.S. Bank had authority to foreclose.  Taking all facts in the Petition as true, Plaintiff's pleadings fail to state a legally viable claim and the claim is dismissed **with prejudice** as having "no basis in law or fact."  *See* TEX. R. CIV. P. 91a.1; *Horizon*, 34 S.W.3d at 896.[19]

## V.    <u>CONCLUSION</u>

For the foregoing reasons, it is hereby

**ORDERED**  that Defendants' Motion to Dismiss RASC 2007-KS2 Trust [Doc. # 29] is **GRANTED with prejudice**.  It is further

**ORDERED**  that Plaintiff's Motion to Remand [Doc. # 11] is **DENIED**.  It is further

---

[19]    As above, Plaintiff's suggestion that she should be permitted to amend her pleadings, *see* Response [Doc. # 16], at 21, is denied.  Plaintiff failed to amend before the deadline of April 30, 2013.  Moreover, any attempt to amend would be futile.  *See Morlock,* 2013 WL 4844713, at *2.

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint [Doc.

# 7] is **GRANTED**.  All of Plaintiff's claims are **DISMISSED with prejudice**.

A separate final judgment will issue.

SIGNED at Houston, Texas, this **20<u>th</u>** day of **September, 2013**.

Nancy F. Atlas
United States District Judge